08-2270-ag (L); 08-4846-ag (Con)
Zheng v. Holder

BIA
A077 297 073

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of November, two thousand nine.

PRESENT:
            PIERRE N. LEVAL,
            BARRINGTON D. PARKER,
            RICHARD C. WESLEY,
                        *Circuit Judges*.
_____

QIN ZHENG,
        *Petitioner*,

        v.                                      08-2270-ag (L);
                                                08-4846-ag (Con)
                                                NAC
ERIC H. HOLDER, JR.,[1] ATTORNEY GENERAL
OF THE UNITED STATES,
        *Respondent*.
_____

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey.

**FOR PETITIONER:**         **Jay Ho Lee, New York, New York.**

**FOR RESPONDENT:**        **Michael F. Hertz, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Tracey N. McDonald, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of these consolidated petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DENIED.

Petitioner Qin Zheng, a native and citizen of the People's Republic of China, seeks review of: (1) the April 14, 2008 order of the BIA denying her first untimely motion to reopen, *In re Qin Zheng*, No. A077 297 073 (B.I.A. Apr. 14, 2008); and (2) the September 5, 2008 order of the BIA denying her second untimely motion to reopen, *In re Qin Zheng*, No. A077 297 073 (B.I.A. Sept. 5, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of motions to reopen for abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  However, when the BIA reviews evidence of country conditions submitted with a motion to

reopen, we review its findings for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

There is no dispute that Zheng's first motion to reopen was untimely and that her second motion to reopen was both untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered). However, there are no time and number limitations for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

**I.   Dkt. No. 08-2270-ag (L)**

The BIA did not abuse its discretion in denying Zheng's first motion to reopen because it reasonably found that she failed to proffer material evidence of changed country conditions in support of that motion. Contrary to Zheng's arguments, in evaluating the evidence that she submitted, the BIA did not err in failing to specifically discuss: (1) unauthenticated letters from her mother and a friend; and

3

(2) unattributed reports in newspaper articles; and (3) her own affidavit.  Although "IJs and the BIA have a duty to explicitly consider any country conditions evidence submitted by an applicant that materially bears on [her] claim," *Zhi Yun Gao v. Mukasey,* 508 F.3d 86, 87 (2d Cir. 2007), the Court presumes that the agency has considered the evidence unless the record compellingly suggests otherwise, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006).

We are not compelled to conclude that the BIA ignored Zheng's arguments or evidence.  To the contrary, we have previously reviewed the BIA's consideration of the same or similar evidence and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution.  *See Jian Hui Shao*, 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency").

Ultimately, because the BIA did not err in finding that Zheng failed to submit material evidence demonstrating a change in country conditions, it did not abuse its discretion in denying her first untimely motion to reopen.

4

*See* U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(1).

## II.  Dkt. No. 08-4846-ag (Con)

The BIA also did not abuse its discretion in denying Zheng's second untimely motion to reopen because, again, it reasonably found that she failed to proffer material evidence in support of that motion.  Contrary to Zheng's arguments, in evaluating the evidence that she submitted, the BIA applied the correct standard as outlined in 8 C.F.R. § 1003.2(c)(3)(ii).  Moreover, the BIA reasonably found that Zheng failed to show that the family planning policy had *changed* with respect to forcible IUD insertions.  *Id*.

For the foregoing reasons, these consolidated petitions for review are DENIED.  As we have completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____